TEXAS SOUTHERN RAILWAY COMPANY v. S. C. HART ET AL.

Decided April 8, 1903.

1.—Setting Fires—Railroads—Presumption—Burden.

Proof that a fire was set by sparks from a passing engine raises a presumption of negligence on the part of the railway company, and devolves on it the burden of proving both that the engine was properly equipped and that it was properly managed at the time.

2.—Same—Expert Evidence—Fireman.

A locomotive fireman who had been serving as such for more than two years was competent to give an opinion as to whether an engine on which he was serving at a given time was then being properly handled by the engineer.

3.—Same—Leading Question.

A question asking the fireman whether the engine was being properly handled while passing plaintiff's premises was not leading, nor objectionable as being one the engineer could answer.

Appeal from the District Court of Upshur. Tried below before Hon. Richard B. Levy.

*Barnwell & Eberhart,* for appellant.

*Kerns & Stephens, R. W. Simpson, F. J. McCord,* and *Briggs & Briggs,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by S. C. Hart against the Commercial Lumber Company and the Southern Railway Company to recover $800 damages for setting fire to and burning a dwelling house and its appurtenances, the property of appellee, by a locomotive operated by the defendants. It was alleged that they negligently permitted the fire to escape from the engine which destroyed the building.

The case was discontinued as to the lumber company, and the railroad company answered by a general denial and plead specifically, that "its engines were properly equipped with the best and most approved appliances for preventing the escape of sparks and cinders; that said engines were properly and carefully handled and managed by defendant, its agents and employes, and that defendant was guilty of no negligence that would make it liable for damages in this cause."

The trial of the case, which was before a jury, resulted in a judgment against the appellant for the sum of $275.

*Opinion.*—The uncontradicted evidence shows that the property was destroyed from fire communicated by sparks escaping from appellant's engine No. 4. This raised a presumption of negligence on the part of defendant, consisting in the defective equipment or management of the engine. In order to escape the consequences of this presumption, it devolved upon the defendant to show a proper equipment and management of the engine. There was evidence that it was equipped with the best and most approved appliances for the prevention of the escape of

spark and cinders. If this evidence were sufficient to show that there was no negligence in the equipment of the engine, it still devolved upon the defendant to prove that there was no negligence in its management. Upon this issue the defendant asked the witness Freeman, who was the fireman on the engine at the time the fire was communicated, to state whether engine No. 4 was properly handled while pasing plaintiff's premises. The witness would have answered, that at that time he believed said engine was properly handled by the engineer in charge. But the question was objected to by plaintiff's counsel upon the grounds that it was leading, and one the engineer could answer. Upon these objections being sustained, the defendant excepted to the action of the court, and assigns it as error.

The relevancy and materiality of the answer which would have been given in response to the question can not be doubted. The objections are not good. The witness had, when aked the question, been a locomotive fireman and engineer on the roads of the Commercial Lumber Company and of appellant since the 1st of January, 1901, and before that date had been a fireman on two other railroads. From his obervation and experience in his vocation during that time he must have acquired sufficient knowledge of it to give an opinion upon the question as to whether the engine was properly handled at a time when he was on it, and in an attitude to observe the way it was operated. In fact, the objection did not go to his qualification as an expert. It was that the question was leading and could be answered by the engineer. The witness having been shown to be an expert, it was proper to show his opinion as to the manner the engine was handled, and the form of the question by which it was sought to prove it was not objectionable. That the engineer could answer the question, is no reason why the fireman should not be allowed to answer it also. Besides, it appears from the record that the engineer was not present at the trial, and the only witness by whom it could be shown how the locomotive was handled was the fireman.

On account of the error indicated the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*